UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
MOHAMMAD SALAMEH,

                Plaintiff,

-against-                                            19-cv-4002 (LAK)
                                                             (93-cr-0180 (LAK))

UNITED STATES OF AMERICA,

                Defendant.
------------------------------------------x

## MEMORANDUM OPINION

LEWIS A. KAPLAN, *District Judge*.

       On April 30, 2019, Mohammad Salameh, a federal inmate in consequence of his conviction in the first World Trade Center bombing case, moved under Federal Rule of Criminal Procedure 41(g) for return of property seized from him many years ago. [DI 1.[1]] On November 18, 2019, the government conceded that Salameh "may" be entitled to the property and in any case undertook to return the $2,615 and 32 dinars in question, whereupon the Court directed the government to do so. [93-cr-180 (LAK) DI 928, 929] The money nevertheless has not been forthcoming. So, on March 3, 2020, the Court directed entry of judgment against the United States and in favor of Salameh for the $2,615. [DI 26.] Judgment was entered on the following day. [DI 27.] The judgment, according to Salameh, remains unsatisfied.

       Salameh now moves to hold the United States in contempt of court for failure to comply with the Court's order and judgment. [DI 30.]

       Salameh is entitled to the return of his property. Judgment was entered in his favor,

---

[1] "DI" references are to the docket in 19-cv-4002 unless otherwise indicated..

and no appeal was taken by the government. And it is unfortunate that the government, which conceded the debt at the outset, has failed to comply with its obligations. That said, however, contempt is not a permissible remedy for failure to pay a money judgment. Ordinarily, "when a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt." *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 980 (11th Cir. 1986). Indeed, Rule 69(a) of the Rules of Civil Procedure provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." But execution is not available against the United States in a case like this. *Heirich v. United States,* No. 61 C 488, 1973 WL 741, at *3 (N.D. Ill. 1973). And the circumstances in which a court may direct enforcement by other means are quite narrow. 13 J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 69.02 (2020) ("such other means are confined only to cases in which established principles warrant equitable relief, such as when execution would be an inadequate remedy"). And here Salameh appears to have a perfectly adequate remedy.

Section 2414 of the Judicial Code, 28 U.S.C. § 2414, provides in substance that judgments against the United States that are certified by the Attorney General as final shall be paid by the Secretary of the Treasury. Accordingly, Salameh would be well advised to pursue payment in that manner.

For the foregoing reasons, Salameh's motion to hold the United States in contempt is denied.

SO ORDERED.

Dated:       December 31, 2020

_____
Lewis A. Kaplan
United States District Judge